UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                              CRIMINAL ACTION

VERSUS                                                                         No. 09-157

JAMAL MARTIN WALTON                                                   SECTION I

## ORDER AND REASONS

Jamal Martin Walton ("Walton") has filed a motion[1] asking the Court to reconsider its previous turnover order[2] authorizing the Bureau of Prisons to transfer to the Clerk of this Court all funds held in Walton's inmate trust account, not to exceed $5,580.00. Walton contends that the turnover order "was based on misleading and false information" submitted by the United States.[3] The Court thus construes Walton's motion as one pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

**I.**

Rule 60(b)(3) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To this end, Walton argues that the exhibits attached to his motion demonstrate that the United States "lied to

---

[1] R. Doc. No. 522.
[2] R. Doc. No. 520.
[3] R. Doc. No. 522, at 1.

1

[the Court]" when it requested and secured the turnover order.[4] In particular, Walton takes issue with the United States' representation to the Court that Walton "has failed to pay anything towards his restitution obligation."[5]

Even were the Court to conclude that Walton was making some quarterly payments of $25 towards fulfilling his restitution obligation,[6] as his exhibits suggest, the Court finds that the United States' alleged mistaken representation does not warrant rescission of the Court's turnover order. Walton does not challenge the underlying basis for the United States' motion[7] requesting the turnover order: Walton's "substantial funds in his inmate trust account," and his failure to inform the Court of those funds.[8] Title 18, United States Code, § 3664(k) provides, in relevant part:

> Upon receipt of the notification [of any material change in a defendant's economic circumstances that might affect a defendant's ability to pay restitution, either by the defendant, the United States, or the victim], the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.[9]

The interests of justice clearly favored the turnover order, which ensured that the family of Walton's victim expeditiously received the financial relief to which they were legally entitled.

---

[4] *Id.*
[5] *Id.* at 11; *see also* R. Doc. No. 518, at 4.
[6] *See* R. Doc. No. 522, at 3-6.
[7] R. Doc. No. 518.
[8] *Id.* at 1, 3.
[9] *See also* R. Doc. No. 428, at 5 (judgment) ("The payment [of restitution] is subject to increase or decrease depending on [Walton's] ability to pay.").

II.

Accordingly,

**IT IS ORDERED** that Walton's motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order by U.S. mail to the Warden of the United States Penitentiary, Allenwood ("USP Allenwood") at the following address:

USP Allenwood
Attn: L. J. Oddo, Warden
P.O. Box 3500
White Deer, PA 17887

New Orleans, Louisiana, January 18, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**