UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 09-157 |
| JAMAL MARTIN WALTON | SECTION I |

## ORDER & REASONS

*Pro se* prisoner Jamal Martin Walton ("Walton") has filed a motion[1] for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Walton requests that the Court vacate its April 2015 order[2] dismissing with prejudice Walton's first motion for relief under 28 U.S.C. § 2255. As the basis for his motion, Walton argues that his habeas counsel was ineffective for failing to raise a claim in his habeas proceedings that Walton's guilty plea was entered involuntarily.

### I.

On March 17, 2011, Walton was charged in all counts of a seven-count superseding indictment.[3] Pursuant to a plea agreement, on September 30, 2011, Walton pleaded guilty to counts one and three of the superseding indictment; the remaining counts were dismissed.[4] Count one charged that on or about June 9, 2004,

---

[1] R. Doc. No. 577.
[2] R. Doc. No. 498. Walton's motion refers to this order with citations to document numbers 488, 489, and 498 in the record. However, the order from which Walton seeks relief is notated in the record as number 498.
[3] Walton was first charged in all counts of a four-count indictment on May 29, 2009. *See* R. Doc. No. 1.
[4] R. Doc. No. 335.

Walton and others conspired to use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, to wit: carjacking, in violation of 18 U.S.C. § 924(o).[5] Count three charged that on or about June 9, 2004, Walton and others, aiding and abetting each other, with the intent to cause death and serious bodily harm, and by force, violence, and intimidation, did take from the person and presence of Nathaniel Robertson, a motor vehicle and did intentionally cause the death of Nathaniel Robertson by shooting him with a semiautomatic assault rifle.[6]

On February 23, 2012, Walton moved to withdraw his guilty plea, alleging that he did not enter it knowingly, intelligently, or voluntarily.[7] Walton, through counsel, argued that Walton's cognitive impairments prevented him from being able to understand his legal situation and make informed choices about his case.[8] In support of his motion, Walton submitted a supplemental letter to this Court alleging ineffective assistance of counsel—specifically, that his counsel misinformed him as to the possibility of receiving a life sentence, even if he pleaded guilty. Based on a review of the record, Walton's plea colloquy, Walton's affirmations to the Court, and expert evaluations, this Court denied Walton's motion.[9]

On March 30, 2012, this Court sentenced Walton to a term of imprisonment of 240 months as to count one and 480 months as to count three, to be served

---

[5] R. Doc. No. 175, at 1–2.
[6] *Id.* at 3.
[7] R. Doc. No. 397-1, at 8–9.
[8] *See id.* at 3–4, 8–9.
[9] R. Doc. No. 424.

2

concurrently.[10] Walton appealed this Court's judgment and the denial of his motion to withdraw his guilty plea.[11] The United States Fifth Circuit Court of Appeals affirmed this Court's ruling on Walton's motion to withdraw his guilty plea and affirmed Walton's sentence imposed by this Court.[12] Walton subsequently filed a petition for a writ of certiorari to the United States Supreme Court, which was denied.[13]

On November 30, 2014, Walton, represented by counsel, filed his first petition to vacate, set aside, or correct his sentence pursuant to § 2255.[14] Walton alleged that his forty-year sentence violated the Eighth Amendment, and that he received ineffective assistance of counsel in connection with his guilty plea and sentencing in violation of the Sixth Amendment.[15] On April 2, 2015, this Court denied Walton's request for post-conviction relief and dismissed his § 2255 petition with prejudice.[16] This Court also declined to issue a certificate of appealability ("COA").[17] Walton

---

[10] R. Doc. No. 428.
[11] R. Doc. No. 429.
[12] *See United States v. Walton*, 537 F. App'x 430 (5th Cir. 2013); R. Doc. No. 481. The Fifth Circuit found that "the transcript of the plea proceedings fully supports the district court's conclusion that Walton knowingly entered his plea." *Walton*, 537 F. App'x at 434. The court also held that Walton did not demonstrate a violation of his Sixth Amendment rights with respect to his claim of ineffective assistance of counsel during his plea negotiations. *Id.* at 435. Walton's appeal further claimed that his forty-year sentence violated the Eighth Amendment in light of the Supreme Court's decisions in *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460 (2012). As to this claim, the Fifth Circuit enforced Walton's appeal waiver and affirmed the sentence imposed by the district court. *See id.* at 437.
[13] *Walton v. United States*, 137 S. Ct. 40 (2016).
[14] R. Doc. No. 488.
[15] *See id.* at 3.
[16] R. Doc. Nos. 498 & 499.
[17] R. Doc. No. 500.

3

appealed this Court's dismissal of his § 2255 petition, and he requested a COA from the Fifth Circuit, which the Fifth Circuit denied because Walton failed to make the required showing of the denial of a constitutional right.[18] Walton again filed a petition for a writ of certiorari to the United States Supreme Court, which was denied.[19]

On May 6, 2019, Walton filed his second § 2255 petition,[20] which this Court transferred to the Fifth Circuit for authorization to file a successive habeas application in accordance with 28 U.S.C. § 2244 and § 2255(h).[21] The Fifth Circuit ordered Walton to file a motion for authorization within thirty days of its order.[22] Because Walton did not timely file a motion in compliance with the Fifth Circuit's order,[23] on July 23, 2019, the Fifth Circuit dismissed his request for authorization to file a successive 2255 petition.[24]

On July 10, 2019, Walton filed his motion currently before the Court, requesting relief from the Court's judgment as to Walton's first 2255 petition filed on November 30, 2014.

## II.

Federal Rule of Civil Procedure 60(b)(6) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any

---

[18] R. Doc. No. 507.
[19] R. Doc. No. 516.
[20] R. Doc. No. 570.
[21] R. Doc. No. 571.
[22] R. Doc. No. 576. The Fifth Circuit issued its order on May 20, 2019. Accordingly, Walton's motion was due by June 20, 2019.
[23] As of August 6, 2019, Walton has not filed a motion in accordance with the Fifth Circuit's order.
[24] R. Doc. No. 579.

4

other reason that justifies relief." Courts must distinguish between motions under Rule 60(b) and petitions seeking relief under 28 U.S.C. § 2255 to ensure that petitioners do not use Rule 60(b) motions to "make an end-run around [§ 2255]'s exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018). Habeas petitions under § 2255 require prior authorization from a federal court of appeals before a defendant may file a "second or successive" application in federal district court. *See United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)).

A defendant's motion for relief is properly brought under Rule 60(b) if the defendant "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Patton*, 750 F. App'x at 263 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)). To succeed on a Rule 60(b)(6) motion in a federal habeas proceeding, the movant must show "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *In re Edwards*, 865 F.3d 197, 204 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017) (citing *Ballantine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). A Rule 60(b) motion is not considered a second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

"[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 & n. 4). The Supreme Court has explained that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings." *Id.* at 532 n.5.

### III.

The claim that Walton presents in his motion, which alleges ineffective assistance of counsel, is substantive, rather than procedural. Walton argues that his habeas counsel omitted two "meritorious claims" in his habeas petition, which prejudiced him in his proceedings.[25] This omission, according to Walton, resulted in a "default of these potentially meritful [sic] claims."[26]

The Supreme Court has noted that a claim regarding "habeas counsel's omissions . . . in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5. Merits-based claims challenging the court's denial of habeas relief are successive § 2255 petitions that require prior authorization from the court of appeals. *See Hernandes*, 708 F.3d at 681.

Walton's ineffective assistance of counsel claim emphasizes his habeas counsel's omissions in Walton's habeas proceedings. Because this claim attacks the substantive bases for the Court's resolution of his first § 2255 petition, the Court finds

---

[25] *See* R. Doc. No. 577, at 5 & 7.
[26] *Id.* at 12.

6

that the present motion, although styled as one under Rule 60(b), is a successive petition under § 2255 that requires prior authorization from the court of appeals. Therefore, the Court elects to transfer the motion to the United States Fifth Circuit Court of Appeals for authorization in accordance with 28 U.S.C. § 2244 and § 2255(h). *See In re Hertzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (explaining that, if a second or successive § 2255 motion is "filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court.").

**IV**.

Accordingly,

**IT IS ORDERED** that the motion is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

New Orleans, Louisiana, August 7, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**